IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| Plaintiff, | ) Case No: 14 CV 50368 |
| v. | ) |
| Arturo Martinez-Vazquez | ) Judge Philip G. Reinhard |
| Defendant. | ) |

## ORDER

For the reasons below, defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence [1] is denied. The court also declines to issue a certificate of appealability. The case is closed.

## STATEMENT - OPINION

On June 16, 2014, defendant Arturo Martinez-Vazquez pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2); and 6 U.S.C. § 202(4).[1] On September 29, 2014, this court sentenced defendant to a term of imprisonment of 37 months. *See* [13-cr-50075-1, Doc. 29]. No appeal was filed.

On December 16, 2014, defendant filed the instant *pro se* motion for post conviction relief pursuant to 28 U.S.C. § 2255. [1]. Defendant's challenge is predicated on the fact that this court did not explicitly consider whether to grant a downward sentencing adjustment pursuant to U.S. Sentencing Guidelines Manual § 5G1.3 to take into account a period already served on an undischarged term of imprisonment. Construed liberally, the § 2255 motion raises two claims: (1) a claim that the court itself improperly failed to consider whether to take a downward adjustment in its discretion under § 5G1.3; and (2) a claim of ineffective assistance of counsel due to the failure of defendant's counsel to advise him of § 5G1.3 or to ask the court to take a downward adjustment in its discretion under § 5G1.3. The government has filed a response [11]. Petitioner has not filed a reply.

In its response, the government accurately points out that defendant waived his right to raise a collateral attack under 28 U.S.C. § 2255 in paragraph 16(b) of his plea agreement with the

---

[1] The indictment, guilty plea, and all other documents relating to defendant's criminal case are filed under case number 13-CR-50075-1.

government. *See* [11-1]. The defendant does not dispute here that his waiver was knowing and voluntary. Moreover, at his change of plea hearing, the defendant advised the court that no one forced him to enter into the agreement and explicitly stated that he wished to waive his right to collaterally attack his conviction by way of a motion for habeas corpus. *See* [13-CR-50075-1, Doc. 31]. Thus, with regard to defendant's claim that the court failed to apprise him of § 5G1.3 or explicitly consider whether to take a downward adjustment on its own initiative, the claim has been waived. *See Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013) ("It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable.").

Defendant's ineffective assistance of counsel claim has also been waived. Paragraph 16(b) of the plea agreement does state that "[t]he waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this agreement or to its negotiation[.]" [11-1]. This provision simply reflects the well-settled Seventh Circuit holding that "appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Hurlow*, 726 F.3d, at 964. However, defendant does not challenge his counsel's actions regarding his plea agreement or its negotiation, only his counsel's actions at sentencing. *See* [1] at 4 (arguing that his counsel's ineffectiveness denied him "the opportunity to request this Honorable Court under the U.S.S.G. § 5G1.3 take into account that a downward adjustment of a sentence to credit him with time already served and/or to serve his federal sentence concurrently with his state sentence."). Defendant's knowing and voluntary waiver remains fully enforceable with regard to this ineffective assistance claim. *See United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("There is no doubt that a defendant may waive his right to challenge a sentence not yet imposed, including challenges based on the ineffectiveness of his counsel at sentencing. We have repeatedly enforced such waivers and dismissed appeals contending that the defendant was deprived of the effective assistance of sentencing counsel.") (citations omitted). Thus, all defendant's claims have been waived and his motion [1] is denied.[2]

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[2]The court also notes that defendant's ineffective assistance claim, even if not waived, would fail on the merits. On November 21, 2013, defendant had been released on parole for his state law convictions. Thus, on September 29, 2014, at the time of his sentencing, defendant had been released from state prison and was on parole. The Seventh Circuit has held that where a defendant has been released on parole for a state conviction, "he was not subject to an 'undischarged term of imprisonment' and could not invoke § 5G1.3." *See Prewitt v. United States*, 83 F.3d 812, 817 (7th Cir. 1996). Defendant's counsel was thus not ineffective for failing to raise § 5G1.3 because it did not apply.

further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While defendant attempted to raise constitutional issues in his § 2255 motion, the court finds his collateral claims have been waived and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court dismisses defendant's petition under 28 U.S.C. § 2255 [1] and declines to issue a certificate of appealability. The case is closed.

Date: 5/1/2015                    ENTER:

                                                                  *Philip G. Reinhard*
                                                         United States District Court Judge


                                                         *Notices mailed by Judicial Staff. (LC)*